UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-cv-20160-ALTMAN/Sanchez

LYNN MAYER,

    *Plaintiff*,

v.

CARNIVAL CORPORATION,

    *Defendant.*

_____/

## ORDER ON MOTION TO DISMISS

The Defendant, Carnival Corporation, has moved to dismiss the Plaintiff's Amended Complaint. *See* Motion to Dismiss [ECF No. 19]. For the reasons we outline below, the Motion to Dismiss is **GRANTED**.

### THE FACTS[1]

Our Plaintiff, Lynn Mayer, has sued the Defendant, Carnival, asserting a single claim of negligence. *See generally* Amended Complaint [ECF No. 16]. Mayer alleges that, on August 5, 2023, while she was a passenger on the cruise ship *Carnival Venezia*, "Defendant served Plaintiff a frozen drink which contained glass blended into the drink." *Id.* ¶ 8. According to the Plaintiff, she "unknowingly ingested the glass served by Defendant" and, "[a]s a result[,] . . . sustained severe bodily injury[,] . . . . pain and suffering, aggravation of a pre-existing condition, disability, mental anguish, embarrassment and humiliation, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and loss of wages." *Id.* ¶¶ 9, 17. Mayer thus "demands judgment against Defendant, Carnival Corporation, for compensatory damages, punitive damages,

---

[1] We take the following facts from the Plaintiff's Amended Complaint and accept them as true for purposes of this Order.

court costs, and such other and additional relief as this Court may deem appropriate." *Id.* at 4. Carnival now moves to dismiss the Amended Complaint under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Motion to Dismiss at 1.

## THE LAW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this "plausibility standard," a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309–10 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 545). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. On a motion to dismiss, "the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

## ANALYSIS

Carnival moves to dismiss the Amended Complaint for three reasons. *First*, Carnival argues that the Plaintiff "fails to properly plead actual or constructive notice" because the "Plaintiff's allegations surrounding notice are conclusory and lack any factual support regarding how Defendant knew or should have known of the alleged dangerous condition." Motion to Dismiss at 4, 6. *Second*, Carnival contends that the Plaintiff's Amended Complaint "fails to properly plead sufficient facts to

bring a claim of punitive damages" as it "fails to plead at all that the Defendant's conduct was intentional." *Id.* at 7–8. *Third*, Carnival says that the "Plaintiff's First Amended Complaint should be dismissed as it is an impermissible shotgun pleading" in that it "commingle[s] . . . . separate causes of action," including "Negligent Maintenance, Negligent Failure to Warn, and Negligent [T]raining[.]" *Id.* at 9–10. Because we agree with Carnival that the Amended Complaint is a shotgun pleading, we now **DISMISS** the Amended Complaint without prejudice to allow the Plaintiff to amend her complaint to bring it into conformity with federal pleading standards.

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b). As the Eleventh Circuit has explained, a complaint is an impermissible "shotgun" pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019). Our Plaintiff's Amended Complaint plainly falls into this third category because it "fails to separate into a different count each cause of action." *Ibid.* Specifically, the Amended Complaint commingles multiple negligence causes of action into one count. In her negligence claim, the Plaintiff asserts—in a single paragraph—seven different theories of negligence, including failure "to *warn* Plaintiff that the frozen drink was unreasonably dangerous and contained glass," failure to "exercise reasonable care in *maintaining* the blender and/or bar area," and failure "to properly *train* its staff on safety procedures to ensure that glass was not inadvertently mixed into frozen drinks." Amended Complaint ¶ 13 (emphases added).

But "[t]hese theories are conceptually different and require different proof." *O'Brien v. NCL (Bahamas) Ltd.*, 2016 WL 11504098, at *3 (S.D. Fla. Nov. 18, 2016) (Lenard, J.). As a result, courts in our District routinely dismiss negligence claims where (as here) different theories of negligence are improperly commingled into one negligence cause of action. *See, e.g.*, *Johnson v. Carnival Corp.*, 2020 WL 128179, at *3 (S.D. Fla. Jan. 10, 2020) (Bloom, J.) ("[The] [p]laintiff's claims are not separately labeled, though the basis of her claims is negligence based upon at least three different theories—failure to maintain, failure to establish adequate policy and procedures, and failure to warn . . . . These theories should be asserted separately with supporting factual allegations . . . . On this basis alone, the [c]omplaint is due to be dismissed."); *Devanter v. NCL Corp., LTD.*, 2024 WL 836796, at *4 (S.D. Fla. Feb. 28, 2024) (Bloom, J.) (dismissing a complaint as a shotgun pleading where the complaint "purport[ed] to assert a single negligent claim, yet its supporting allegations contain[ed] elements of negligent failure to warn, negligent failure to train, and negligent failure to inspect claims"); *McFee v. Carnival Corp.*, 2020 WL 13389094, at *6 (S.D. Fla. Feb. 3, 2020) (Lenard, J.) ("The [c]ourt . . . finds that Count I is an impermissible 'shotgun' pleading because it asserts two separate causes of action in a single count. Liability for negligent hiring and negligent retention require different findings . . . . Thus, a jury could find [d]efendant liable for negligent hiring *or* negligent retention *or* both, so pleading them in a single count would present a verdict form issue that is easily resolved by requiring plaintiff to replead them in separate counts."); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 (S.D. Fla. 2012) (Moore, J.) (holding that a complaint "epitomize[d] a form of 'shotgun' pleading" because it alleged that the defendant owed a duty to provide "reasonable care" and then "proceed[ed] to allege at least twenty-one ways in which [d]efendant breached this duty").

Because Mayer advances multiple negligence theories, she must "separate each cause of action into a separate paragraph, and [she must] support each cause of action with specific (non-conclusory) factual allegations." *Brodowicz v. Walmart, Inc.*, 2022 WL 3681958, at *2 (S.D. Fla. June 6, 2022) (Altman,

4

J.); *see also O'Brien*, 2016 WL 11504098, at *3 ("The amended complaint shall separate into distinct counts all claims that will require different proof, e.g., negligent design, failure to warn, failure to maintain, etc. Each count shall include the specific factual allegations supporting the claim, consistent with Rule 10(b).").

*    *    *

Accordingly, we hereby **ORDER and ADJUDGE** as follows:

1. The Motion to Dismiss the Complaint as a shotgun pleading [ECF No. 19] is **GRANTED**.

2. If the Plaintiff wants to amend her complaint, she must file a second amended complaint by March 20, 2024.

**DONE AND ORDERED** in the Southern District of Florida on March 6, 2024.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record